# UNITED STATES DISTRICT COURT
Western District of Kentucky
Owensboro Division

| | | |
|---|---|---|
| Sandra K. Coppage<br>   *Plaintiff* | ) ) ) | |
| v. | ) ) | Case No.  4:20-CV-40-JHM |
| Mariner Finance, LLC<br>   *Defendant*<br>Serve:<br>   Corporation Service Company<br>   421 West Main Street<br>   Frankfort, KY 40601 | ) ) ) ) ) ) ) ) | |
| Experian Information Solutions, Inc.<br>   *Defendant*<br>Serve:<br>   CT Corporation System<br>   306 West Main Street, Suite 512<br>   Frankfort, KY 40601 | ) ) ) ) ) ) ) ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint by Plaintiff Sandra K. Coppage against Defendant Mariner Finance, LLC for damages for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1331 and 28 U.S.C. § 1681p. Venue is proper because the nucleus of relevant facts and events that affected Plaintiff occurred in Ohio County, Kentucky where Plaintiff lives and resides and which is located within this District.

### PARTIES

3. Plaintiff Sandra K. Coppage is a natural person who resides in Ohio County, Kentucky and a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681(c).

4. Defendant Respondent Mariner Finance, LLC ("Mariner") is a foreign limited liability company registered with the Kentucky Secretary of State with principal place of business located at 8211 Town Center Drive, Nottingham, MD 21236. Mariner is a furnisher of information within the meaning of the FCRA.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation whose principal place of business is located at 475 Anton Boulevard, Costa Mesa, CA 92626 registered to do business with Kentucky Secretary of State.

6. Experian is a "consumer reporting agency" within the meaning of the FCRA because it provides and acquires personal retail and credit transaction information of private persons for use in, and in furtherance of, its business operations.

## STATEMENT OF FACTS

7. Plaintiff Sandra K. Coppage ("Coppage") is keenly aware the importance her credit report and credit score in obtaining financing on favorable terms.

8. As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only

> show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

9. On July 18, 2018 Defendant Mariner Finance, LLC ("Mariner") filed a collection action against Ms. Coppage in the Ohio District Court of Ohio County, Kentucky under case number 19-C-00295 in an attempt to collect a defaulted personal loan from her (the "State Collection Action"). A true and accurate copy of Mariner's complaint in the State Collection Action (the "Collection Complaint") is attached as Exhibit "A" and alleges in relevant part:

> 1. The plaintiff, Mariner Finance fka Personal Finance Company, conducts business at 5140 Frederica Street, Ste B, Owensboro KY 42301.
>
> 2. Defendants are indebted to the plaintiff under the note and security agreement attached and filed herewith as Exhibit A.
>
> 3. Said obligation is past due and defendants owe a balance of $3827.85 plus interest in accordance with the terms of agreement until date of judgment, then balance plus interest at the rate of 6.0% per annum until paid.
>
> 4. Plaintiff has referred this claim to outside counsel who are not its regularly salaried employees and therefore is entitled to recover attorney's fees in accordance with §KRS 411.195 and the terms of the agreement.

10. Mariner sent Ms. Coppage and her co-defendant in the State Collection Action a proposed Agreed Judgment, which Ms. Coppage reluctantly signed and returned.

11. The Agreed Judgment was entered of record in the State Collection Action on September 11, 2018. A true and accurate copy of the Agreed Judgment is attached as Exhibit "B" and states in relevant part:

---

[1]. http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

> By agreement of the plaintiff, by counsel, and the defendants signing below, it is agreed, ordered and adjudged that the plaintiff shall recover of the defendant the court costs herein and the sum of $3827.85, plus $1263.19 attorney fees, plus interest in accordance with the terms of the agreement until date of judgment and 6.0% thereafter until paid.
>
> It is further agreed and hereby ordered that the aforesaid sums may be paid in installments at the rate set forth below. So long as said payments are made without fail, no execution or garnishment shall issue. Upon default under the terms herein the entire remaining amount of this judgment will become immediately due and payable and the plaintiff may proceed to enforce judgment forthwith.
>
> **Said payments shall be made at the rate of $300.00 a month beginning on 08/17/2018 and continuing until judgment is satisfied.**
>
> All installment payments are to be tendered to Hon. J. Todd P'Pool, Attorney at Law at 220 North Main Street, Madisonville, Kentucky, 42431.

12. Ms. Coppage paid the Agreed Judgment in full no later than September 23, 2019.

13. Mariner did not tender a notice to the Ohio District Court that the Agreed Judgment had been paid in full and satisfied which therefore necessitated Ms. Coppage to file a motion for the court to enter a satisfaction of judgment on January 2, 2020.

14. The Ohio District Court granted Ms. Coppage's motion for the court to enter a satisfaction of the Agreed Judgment and entered an order deeming the Agreed Judgment satisfied on January 15, 2020 (the "Order of Satisfaction"). A true and accurate copy of the Order of Satisfaction is attached as Exhibit "C" and states in relevant part:

> This matter comes before the Court on Defendant Sandra Coppage's Motion for the Court to Enter Satisfaction of Judgment. The Court, having heard the arguments of counsel and being otherwise sufficiently advised, orders as follows:
>
> Defendant's Motion to for the Court to Enter Satisfaction of Judgment is GRANTED. This Court's Agreed Judgment of September 11, 2018 is hereby DEEMED SATISFIED and paid in full.

15. After paying the Agreed Judgment in full, Ms. Coppage reviewed her credit reports published by the three major consumer reporting agencies ("CRA's"): Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") and discovered negative credit information furnished by Mariner in connection with the Agreed Judgment (the "Mariner Tradeline") where Mariner was erroneously reporting a positive balance still due on the Agreed Judgment in its tradeline.

16. On January 22, 2020 Ms. Coppage sent a dispute letter to the CRA's disputing *inter alia* the positive balance due under the Mariner Tradeline. Ms. Coppage's dispute included a copy of the Order of Satisfaction.

17. Receipt of Ms. Coppage's dispute letter triggered the CRAs' (including Experian's) duty under 15 U.S.C. § 1681i(a)(2) to send Mariner notice of Ms. Coppage's dispute within five business days of receipt of Ms. Coppage's dispute.

18. The CRA's timely notified Mariner of Ms. Coppage's dispute which thereby triggered Mariner's duty to conduct a reasonable investigation of Ms. Coppage's dispute under 15 U.S.C. § 1681s-2(b).

19. Receipt of Ms. Coppage's dispute letters triggered Experian's duty under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable investigation of Ms. Coppage's dispute and any documents included with that dispute.

20. Mariner and Experian both failed to conduct a reasonable investigation of Ms. Coppage's dispute. In particular, Experian reported the post-dispute credit information as follows:

**Credit items**

MARINER FINANCE Partial Acct # 38030041.... 8211 TOWN CENTER DR NOTTINGHAM MD 21236 (844) 338 2080

SANDRA K COPPAGE | Report # 2792-6959-54 for 02/01/20

| | | | |
|---|---|---|---|
| **Date opened** Jan 2017 | **First reported** Sep 2017 | **Recent balance** $864 as of Dec 2019 | **Payment history** |
| **Address ID #** 0091015118 | **Terms** 37 Months | **Status** Collection account. $864 past due as of Dec 2019. This account is scheduled to continue on record until Mar 2025. | |
| **Type** Secured Loan | **Monthly payment** Not reported | | |
| **Responsibility** Joint with WILLIAM J CULBERTSON | **Credit limit or original amount** $5,193 | **Date of Status** Jul 2018 | |
| | **High balance** Not reported | | |

Payment history:
- 2019: Jan C, Feb C, Mar C, Apr C, May C, Jun C, Jul C, Aug C, Sep C, Oct C, Nov C, Dec C
- 2018: Jan OK, Feb OK, Mar OK, Apr OK, May OK, Jun 30, Jul C, Aug C, Sep C, Oct C, Nov C, Dec C
- 2017: Sep OK, Oct OK, Nov OK, Dec OK

**Account History** * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Nov19 | Oct19 | Sep19 | Aug19 | Jul19 | Jun19 | May19 | Apr19 | Mar19 | Feb19 | Jan19 | Dec18 | Nov18 | Oct18 | Sep18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 844 | 823 | 1,101 | 1,379 | 1,655 | 1,930 | 2,501 | 2,769 | 3,035 | 3,299 | 3,561 | 3,820 | 4,077 | 4,495 | 4,713 |
| DPR | Sep23 | Sep23 | Sep23 | Jul15 | Jul15 | Jun28 | May14 | Apr16 | Mar18 | Feb08 | Jan14 | Dec21 | Nov19 | Oct12 | Sep13 |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | 300 | 300 | 300 | 300 | 600 | 300 | 300 | 300 | 300 | 300 | 300 | 900 | 300 | 300 |

| | Aug18 | Jul18 | Jun18 | May18 | Apr18 | Mar18 | Feb18 |
|---|---|---|---|---|---|---|---|
| AB ($) | 4,897 | 3,468 | 3,359 | 3,246 | 3,329 | 3,208 | 3,298 |
| DPR | Aug17 | May21 | May21 | May21 | Mar22 | Mar22 | Feb23 |
| SPA ($) | ND | ND | 200 | 200 | 200 | 200 | 200 |
| AAP ($) | 300 | ND | ND | 200 | ND | 215 | 200 |

21. As a result of Mariner's and Experian's failure to conduct a reasonable investigation of Ms. Coppage's disputes, Ms. Coppage suffered actual damages in the form of out-of-pocket expenses, lowered credit score and denial of credit.

## CLAIMS FOR RELIEF

**I. Claims against Mariner Finance, LLC**

22. The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") violate the FCRA in that, after being informed by the CRA's that Ms. Coppage disputed the accuracy of the information it was furnishing to the CRA's concerning Ms. Coppage and the Mariner Tradeline, Mariner willfully failed to conduct a proper investigation of Ms. Coppage's dispute filed with the CRA's that Mariner was furnishing false negative credit information about Ms. Coppage and the Mariner Tradeline.

23. Mariner willfully failed to review all relevant information purportedly provided by the CRA's to Mariner in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

24. Mariner willfully failed to direct Equifax to delete inaccurate information about Ms. Coppage pertaining to the Mariner Tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

25. In particular, Mariner continued to report falsely and inaccurately that a positive balance remained due under the Agreed Judgment even after the Ohio District Court entered the Notice of Satisfaction in the State Collection Action.

26. Ms. Coppage has a private right of action to assert claims against Mariner arising under 15 U.S.C. § 1681s-2(b).

27. Mariner is liable to Ms. Coppage for the actual damages she sustained by reason of its willful violations of the FCRA in an amount to be determined by the trier of fact or up to $1,000.00 in statutory damages, whichever is greater, an award of punitive damages in an amount to be determined by the trier of fact and her reasonable attorney's fees, all pursuant to 15 U.S.C. § 1681n.

28. Alternatively, Mariner is liable to Ms. Coppage for the actual damages she sustained as result of its willful violation of the FCRA in an amount to be determined by the trier of fact, and her reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

**II.    Claims against Experian Information Solutions, Inc.**

29. The foregoing acts and omissions of Defendant Experian Information Solutions, Inc. ("Experian") constitute violations of the FCRA.

30. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation of Ms. Coppage's dispute concerning the Mariner Tradeline.

31. As a result of Experian's failure to conduct a reasonable investigation of Ms. Coppage's dispute, Experian continued to inaccurately report a balance was due and owing on the Mariner Tradeline.

32. Experian's conduct, actions and inactions were willful rendering Experian liable to Ms. Coppage under 15 U.S.C. § 1681n for actual damages, statutory damages, punitive damages, attorney's fees and costs.

33. Alternatively, Experian's conduct, actions and inactions were negligent rendering Experian liable to Ms. Coppage under 15 U.S.C. § 1681o for her actual damages, attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sandra Coppage requests that the Court grant her the following relief:

1. Award Plaintiff the maximum amount of statutory damages;

2. Award Plaintiff her actual damages;

3. Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

4. Award Plaintiff her attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any such other relief which the Court may deem Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:  (502) 371-2179
Fax:  (505) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:  (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com